IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOHN J. SMITH, § 
§ No. 300, 2017
Defendant Below- §
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware,
§
STATE OF DELAWARE, § Cr. ID. 1309013302 (N)
§
Plaintiff Below- §
Appellee.

Submitted: November 17, 2017
Decided: January 22, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### O R D E R

This 22nd day of January 2018, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, John Smith, filed this appeal from the Superior Court's order dated June 28, 2017, denying his motion for modification of sentence and "petition for rule to show cause." We find no merit to Smith's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that Smith was indicted in January 2014 on multiple criminal charges including Aggravated Menacing and Possession of a Firearm During the Commission of a Felony. Smith was on probation at the time of his indictment on the new charges. As a result, Smith also was charged with a

violation of probation ("VOP") in Cr. ID 0908015857. On July 7, 2014, Smith pled guilty to Aggravated Menacing and Possession of a Firearm During the Commission of a Felony ("PFDCF") in Cr. ID 1309013302. The Superior Court ordered a presentence investigation and deferred sentencing.

(3) Two days later, on July 9, 2014, the Superior Court found Smith guilty of his fourth VOP in Cr. ID 0908015857. The Superior Court sentenced him on the VOP, effective February 1, 2014, to a total period of five years at Level V incarceration, to be suspended after serving three years in prison for decreasing levels of supervision ("the VOP Sentence"). The VOP Sentence order noted that the effective date of the sentence took into account the time Smith spent in prison awaiting resolution of his new charges.

(4) On February 13, 2015, the Superior Court sentenced Smith on his new charges ("the 2015 Sentence"). On the firearm offense, the Superior Court sentenced Smith, effective February 7, 2014, to six years at Level V incarceration.[1] On the aggravated menacing offense, the Superior Court sentenced Smith to five years at Level V, to be suspended immediately for decreasing levels of supervision.

(5) Smith did not appeal. Instead, on February 24, 2015, Smith filed a motion for modification of sentence, requesting the Superior Court to run the VOP

---

[1] Because of Smith's prior criminal history, the Superior Court was required to impose at least a five-year minimum mandatory sentence on his latest firearm conviction.

Sentence concurrently with the 2015 Sentence. The Superior Court denied that motion. Smith did not appeal. On May 12, 2015, Smith filed another motion for modification of sentence, requesting the Superior Court to reduce the 2015 Sentence from six years in prison to five years in prison and to run his 2015 Sentence concurrently with his VOP Sentence. The Superior Court denied that motion. Smith did not appeal. On September 4, 2015, Smith filed a motion for correction of sentence, addressed to both his VOP Sentence and his 2015 Sentence. He requested the Superior Court to correct his sentence to allow him to serve his 2015 Sentence before his VOP Sentence. The Superior Court denied that motion as moot. Smith did not appeal.

(6) On April 7, 2017, Smith filed another motion for modification of sentence, asking the Superior Court to reduce the Level V portion of his 2015 Sentence and to order that the Level IV portion of his 2015 Sentence be completed on Home Confinement. On May 26, 2017, Smith also filed a motion for a rule to show cause, requesting that the Department of Correction ("DOC") be held in contempt for failing to give him credit against his 2015 Sentence for all of the time he was held in prison since February 7, 2014, which was the effective date of his 2015 Sentence.

(7) On June 28, 2017, the Superior Court denied both of Smith's motions. As to his request for a modification of his 2015 Sentence, the Superior Court noted

3

that his motion was barred under Superior Court Criminal Rule 35(b) because it was both untimely and repetitive. As to his motion for a rule to show cause, the Superior Court misconstrued Smith's argument as an inappropriate challenge to the DOC's discretionary decision regarding Smith's program placement and denied it accordingly. Smith now appeals.

(8) The gist of Smith's argument on appeal is that the DOC has wrongly credited the year that he spent in prison between February 2014, when he was first picked up by authorities, and February 2015, when he was sentenced on his 2015 Sentence, against his three year VOP Sentence instead of against the mandatory prison term of his 2015 Sentence. According to Smith, the DOC's failure to credit his time served against the 2015 Sentence, which contains a minimum mandatory term of incarceration, means that he will have to wait an extra year before he can request the DOC to file a sentence modification motion on his behalf under 11 *Del. C.* § 4217(b).[2]

(9) Assuming without deciding that Smith's motions in the Superior Court were procedurally proper,[3] we conclude that Smith is not entitled to the relief he seeks. As to Smith's motion for modification of sentence, the Superior Court

---

[2] 11 *Del. C.* § 4217(b) allows the DOC, in its discretion, to file a motion for modification sentence on behalf of an inmate if the DOC can show good cause and certifies that release of the inmate shall not constitute a "substantial risk" to the community or the inmate.

[3] As the State correctly points out, the relief Smith seeks against the DOC should have been pursued through a writ of mandamus under 10 *Del. C.* § 564. The Superior Court Criminal Rules do not provide for a "rule to show cause."

4

did not err in finding that his motion was both untimely and repetitive.[4] As to his motion for a rule to show cause, Smith can establish no prejudice from the Superior Court's denial of relief.

(10)    The record reflects that Smith was incarcerated on his latest criminal charges and the resulting VOP in February 2014.[5] He pled guilty on the new charges on July 7, 2014, but his sentencing was deferred until the completion of a presentence investigation.[6] Two days later, Smith was found guilty of the VOP and was immediately sentenced. The VOP Sentence gave Smith credit for all time served since February 1, 2014. The VOP sentence was entirely proper.

(11)    When the Superior Court imposed the 2015 Sentence, the judge made the effective date of the sentence February 7, 2014. Notwithstanding the effective date of the 2015 Sentence, the DOC legally could not give Smith double credit for the time he had served before imposition of the 2015 Sentence because, under 11 *Del. C.* § 1447A(e), a sentence for PFDCF may *not* run concurrently with any

---

[4] *See* Super. Ct. Crim. R. 35(b) (providing that a motion requesting a reduction of sentence must be filed within 90 days of sentencing and further providing that the Superior Court "will not consider repetitive requests.").

[5] The exact date Smith was incarcerated is unclear to this Court. The VOP sentence was made effective February 1, 2014. The 2015 Sentence was made effective February 7, 2014. The State contends in its answering brief that the DOC's records suggest that Smith was not in DOC custody until February 19, 2014. The transcript of the 2015 Sentencing hearing indicates, however, that Smith may have been picked up by Pennsylvania authorities in Chester on February 7, 2014. Given the uncertainty, it appears the Superior Court erred on the side of caution by making the effective date of the VOP Sentence February 1, 2014 and inadvertently giving Smith more credit time than he was due.

[6] The record reflects that, on June 30, 2014, Smith rejected a plea offer from the State on the new charges that would have resulted in less jail time and immediate sentencing.

other sentence. As such, the DOC resolved the conflict in the effective dates of the sentences by following the express language of 11 *Del. C.* § 4216(b), which "requires the interruption of a non-mandatory sentence for service of a *subsequently imposed* mandatory sentence, with resumption of the non-mandatory sentence prior to release."[7] Smith's Offender Status Sheet correctly reflects that Smith was serving his non-mandatory VOP sentence in Cr. ID No. 090815857 between February 1, 2014 and February 13, 2015, when he began serving his mandatory sentence for PFDCF in Cr. ID No. 1309013302. The Superior Court did not err in denying Smith's motion for a rule to show cause.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[7] *Watson v. Burgan*, 610 A.2d 1364, 1369 (Del. 1992) (emphasis added). *See also* 11 *Del. C.* § 4216(b) ("Where an inmate is serving a 'nonmandatory' Level V (incarceration) sentence and is subsequently sentenced to a mandatory term of incarceration, serving of the earlier sentence shall be suspended and the inmate shall serve the new mandatory Level V sentence until it is completed and then resume serving the earlier sentence.").